IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAWRENCE TRAYLOR,<br>　　　Petitioner,<br><br>　　　v.<br><br>JUDGE CLARENCE BLOUT,<br>Habeas Judge,<br>JUDGE JOEL FRYER,<br>Fulton County Superior Court Judge,<br>　　　Respondents. | CIVIL ACTION NO.<br>1:06-CV-1779-TWT |

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

AUG 21 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## ORDER AND OPINION

Lawrence Traylor submitted a letter that the Clerk of Court filed as a federal habeas corpus petition against State Judges Clarence Blout and Joel Fryer. (Doc. No. 1.) For the reasons discussed below, it is found that Traylor did not intend to file a federal habeas corpus petition at this time.

In a letter written on the day of his state habeas corpus "trial," Traylor complains that he did not receive his criminal trial transcript until the middle of the state habeas corpus trial. Traylor indicates that he filed his state habeas corpus petition in order to complain regarding his Fulton County convictions for false imprisonment and aggravated assault. (Id.) See also www.dcor.state.ga.us at "offender search," GDC ID Number 1109258. Traylor asks, "[does] it sound fair that I was forced to go to trial [in the state habeas court] with out ever having a chance to

view the transcripts," and concludes with the query "[w]hat can I do to tran[s]fer my habeas to your district?" (Doc. No. 1 at 5 and unnumbered page 7.)

Traylor's letter appears to complain regarding the adequacy of the state habeas corpus proceedings, a matter that does not provide a basis for federal habeas corpus relief. See Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Further, Traylor does not appear to have exhausted his state remedies as required by the federal habeas statute before bringing a federal petition attacking the constitutionality of his Fulton County convictions.[1] See 28 U.S.C. § 2254(b)(1) (dictating that this Court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective). Traylor has indicated that his state petition is pending in the state habeas court, and that court is aware of Traylor's late acquisition of his criminal trial transcript and will have a full opportunity to consider the matter and any appropriate remedy. Accordingly, the circumstances indicated in the instant letter do not show that the state process is ineffective such that exhaustion is excused.

---

[1] Further, to the extent Traylor intended to file a habeas petition in regard to his Fulton County convictions, he provides insufficient information in his letter for this Court to conduct a preliminary review of a habeas petition as required by the Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(b) & 4.

2

In light of the above, this Court declines to construe or re-characterize[2] the instant letter (or Traylor's question regarding a transfer of his state habeas corpus petition to this Court) as a federal habeas corpus petition. If Traylor nonetheless determines that he does wish to file a federal habeas corpus petition, he should do so on the form petition provided by this Court's Clerk, completing it in detail per the instructions on that form.

For the reasons stated above,

**IT IS ORDERED** that the instant action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of this Court is **DIRECTED** to forward Traylor a form habeas corpus petition along with the appropriate financial affidavit form and instructions.

**IT IS SO ORDERED**, this _21_ day of _August_, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[2] See Castro v. United States, 540 U.S. 375, 377-78 (2003) (disfavoring re-characterizing a filing, sua sponte, as a federal habeas corpus petition).